### In re INVESTIGATION CONDUCTED BY THE ATTORNEY GENERAL OF THE UNITED STATES, RE ALLEGED VIOLATIONS OF THE FEDERAL ANTI-TRUST LAWS.

### In re CUDAHY PACKING CO. OF CHICAGO, ILL.

District Court, S. D. New York.
April 4, 1939.

Charles C. Pearce, Sp. Asst. to Atty. Gen., for the United States.

Blake, Stim, Curran & Carlin, of New York City, for Cudahy Packing Co.

HULBERT, District Judge.

Petitioner moves to quash a subpoena duces tecum issued out of this court and served upon petitioner at its principal place of business in the City of Chicago to produce records, papers and documents, more particularly described in 32 paragraphs thereof, before a Grand Jury of this District now in session.

The issuance of the subpoena was brought about by the refusal of the petitioner on or about February 27th, 1939, to give one V. J. Wolfe, Special Agent of the Federal Bureau of Investigation of the Department of Justice, access to the records and papers sought. This refusal was based upon the ground that the gross business of the petitioner carried on in 11

packing houses and more than 100 selling branches throughout the United States approximated $200,000,000 per annum and the fertilizer prepared, handled and sold by the petitioner would not exceed $50,000,00.

A counter proposal was made that if the Government would write a letter setting forth any complaint of illegal acts by the petitioner, its counsel would investigate and furnish full information on any specific point but under no circumstances would petitioner permit any investigation of "the accounts of our entire business or of all our correspondence, documents, and any other data such as he was demanding."

Since the argument of this motion and the exchange of exhaustive briefs, it now appears that the petitioner does not attack the constitutionality of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, the jurisdiction of this Court, or the power of the Grand Jury to conduct the pending inquiry.

The question presented for determination is whether the production of the records required by the subpoena duces tecum is reasonable.

Identical subpoenae were served upon the International Agricultural Corporation and the Consolidated Rendering Company and motions to quash were made returnable before my colleague Judge Leibell. The Government waived the production of the records called for upon being given full access thereto at the place of business of each of such witnesses, inspection to be made upon conditions prescribed to insure privacy in the examination.

But the petitioner here stands upon its legal rights and relies upon the Fourth and Fifth Amendments to the Constitution of the United States, U.S.C.A.

■ A corporation is not a person within the meaning of Amendment Fifth. The benefits of that amendment are exclusively for a witness compelled to testify against himself in a criminal case and cannot be set up on behalf of any other person or individual, or of a corporation of which he is an officer or employee. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652.

■ While a corporation cannot refuse to produce its books and papers, it is entitled to immunity under the Fourth Amendment against unreasonable search and seizure.

Petitioner argues that to sustain the subpoena would be equivalent to enabling the Government to secure information for which it could not, upon the same facts as set forth in the subpoena, obtain a search warrant.

While it is true the court in Hale v. Henkel, supra, did hold the subpoena was too broad and amounted to an unlawful search and seizure under the Fourth Amendment, it left open to the trial court the question of the reasonableness of a subpoena duces tecum in each particular case.

It was held in Wilson v. United States, 221 U.S. 361, 376, 31 S.Ct. 538, 542, 55 L.Ed. 771, Ann.Cas.1912D, 558: "But there is no unreasonable search and seizure when a writ, suitably specific and properly limited in its scope, calls for the production of documents which, as against their lawful owner to whom the writ is directed, the party procuring its issuance is entitled to have produced."

I have examined the clauses to produce in the subpoenae duces tecum recently issued in the Madison Oil Case, D.C.W.D. Wis., United States v. Aluminum Company of America, D.C.S.D.N.Y., United States v. Borden Company, D.C.N.D.Ill.E.D., United States v. Medical Society of the District of Columbia, American Medical Association et al., D.C.D.C., all of which have been sustained.

■ It does not appear to me that the subpoena duces tecum issued in this case is so broad in character and compliance therewith so unreasonable as to amount to unlawful search and seizure. The production of the records called for still subjects their use to the supervision of the court and appropriate provision may be made in the order to enable their production in such manner as will occasion the least possible inconvenience and annoyance to the petitioner, and for their prompt use and expeditious return.

Motion denied. Settle order on notice.